IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 1 9 2012
BY CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

| | |
|---|---|
| Carolyn Moore, | |
| Plaintiff, | Civil Action No.: 12-4132 |
| v. | |
| Gila, LLC; and DOES 1-10, inclusive, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

For this Complaint, the Plaintiff, Carolyn Moore, by undersigned counsel, states as follows:

### JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, et seq. ("AFDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Carolyn Moore ("Plaintiff"), is an adult individual residing in Ashdown, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Gila, LLC ("Gila"), is a Texas business entity with an address of 8325 Tuscany Way, Building 4, Austin, Texas 78752-3630, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Gila and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Gila at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff's deceased son allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Gila for collection, or Gila was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

2

### B. Gila Engages in Harassment and Abusive Tactics

12.     Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

13.     During Plaintiff's initial communication with Defendants and each communication thereafter, Plaintiff informed Defendants that her son, Charles Anthony Dynes, who Defendants were looking for, has been deceased since 2006, and furthermore, requested that Defendants cease calls to Plaintiff.

14.     On one occasion, Defendants replied that Plaintiff would have to send Defendants a copy of her deceased son's death certificate.

15.     Despite such information, Defendants continued to place several calls each week to Plaintiff.

16.     Furthermore, Defendants once placed a call to Plaintiff as early as 7:30 a.m.

17.     In addition, Defendants once left Plaintiff a voicemail that stated they were calling in regards to a court matter, which caused much confusion and fear to Plaintiff.

### C. Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT –
## A.C.A. § 17-24-501, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

31. The Defendants' conduct violated A.C.A. § 17-24-505(b)(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

32. The Defendants' conduct violated A.C.A. § 17-24-506(a) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

33. The Defendants' conduct violated A.C.A. § 17-24-506(b)(10) in that Defendants employed false and deceptive means to collect a debt.

34. The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT III
### VIOLATIONS OF THE ARKANSAS DECEPRIVE TRADE PRACTICES ACT – A.C.A. § 4-88-101, *et seq.*

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq.*

39. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual damages and reasonable attorney's fees and costs.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Arkansas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Arkansas state law.

43. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with frequent telephone calls in regards to her deceased son's alleged Debt.

44. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

45. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

6

47. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

50. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arkansas.

51. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f) against the Defendants;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 13, 2012

Respectfully submitted,

By: _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff